2005 OK 18

**STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Frederick W. SOUTHERN, Jr., Respondent.**

**SCBD No. 4936.**

Supreme Court of Oklahoma.

March 22, 2005.

ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶ 1 Upon consideration of the Complainant, Oklahoma Bar Association's application for an Order approving the resignation of Respondent, Frederick W. Southern, Jr. pending disciplinary proceedings pursuant to Rule 8 of the Rules Governing Disciplinary Proceedings, (RGDP), 5 O.S.2001, Ch. 1, App. 1–A, this Court finds:

1.  On September 9, 2004, Southern submitted his affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings.

2.  Southern's affidavit of resignation reflects that: a). it was freely and voluntarily rendered; b). he was not subject to coercion or duress; and c). he was aware of the consequences of submitting his resignation.

3.  Southern states the following in his affidavit of resignation: "I am aware that the following disciplinary action is pending against me with the Supreme Court of the State of Oklahoma: On August 18, 2004, a Complaint was

lodged [in *State ex rel. Oklahoma Bar Ass'n v. Frederick W. Southern, Jr.,* SCBD # 4936, which contains twenty counts of alleged professional misconduct pursuant to Rule 6 of the RGDP]" and said Complaint was attached to Southern's affidavit as Exhibit "A." The Complaint notes under the heading regarding enhancement that Southern has been previously publicly censured in *State ex rel. Oklahoma Bar Ass'n v. Southern,* 2000 OK 88, 15 P.3d 1. The counts of professional misconduct alleged in the Complaint in the instant matter are summarized in pertinent part as follows:

a). **Count I: Garcia Representation:** Respondent allegedly failed to comply with or respond to orders of an Administrative Law Judge, ultimately resulting in the dismissal of Garcia's claim because of Respondent's failure to prosecute and failure to comply with the Administrative Law Judge's orders. Subsequent to re-filing in the U.S. District Court for the Western District of Oklahoma, the action was later dismissed without prejudice for failure to prosecute.

b). **Counts II, V, VII, IX, XII, XIV, XVI: Garcia, Finklea, Barnes, Avits, Lewis, Mills, Jones Misrepresentations:** During Respondent's February 25, 2004 deposition, Respondent made statements concerning his representation of these clients, which were allegedly intentional misrepresentations. Additionally, Respondent made written statements concerning his representation of Finklea and Mills, which allegedly constitute intentional misrepresentations.

c). **Count III: Schroeder Representation:** Allegations include Respondent's failure to issue summons or serve defendants in this federal employment discrimination matter and failure to prosecute, resulting in dismissal of the case. Additional allegations include untimely subsequent filing of an amended complaint in the U.S. District Court for the Western District of Oklahoma, failure to serve opposing counsel with copies of pleadings, failure to timely respond to discovery requests, and failure to appear for Schroeder's deposition in the matter, which ultimately resulted in the court's dismissal of the action with prejudice.

d). **Count IV: Finklea Representation:** Allegations include Respondent's failure to serve defendants in this matter filed in the U.S. District Court for the Western District of Oklahoma, failure to prosecute the case, failure to comply with the court's show cause order, which ultimately resulted in dismissal of the case. Additional allegations include failure to keep the client reasonably informed of the status of the case, failure to return the client's telephone calls, and failure to return documents to Finklea.

e). **Count VI: Barnes Representation:** Allegations include Respondent's failure to serve the defendant in this federal employment discrimination matter, resulting in dismissal of the case. Additional allegations include Respondent's failure to communicate properly with his client throughout the course of his representation and failure to keep him properly advised as to the status of the case, the dismissal, or the fact that the client had one year to re-file the case.

f). **Count VIII: Avits Representation:** Allegations include Respondent's failure to issue summons or serve defendants in this federal wrongful termination matter and failure to comply with the court's show cause order, resulting in dismissal of the case. Additional allegations include failure to properly keep the clients advised as to the status of the case, failure to accept or return telephone calls, and failure to advise the clients that the case had been dismissed and that they had one year to re-file.

g). **Count X: Murray Representation:** Allegations include Respondent's failure to serve the defendant in this federal employment discrimination matter, resulting in dismissal of the case for failure to prosecute. Respondent re-filed this action, and later allegedly failed to serve copies of pleadings on

counsel for defendant and allegedly failed to file a corrected certificate of service with the court to reflect the correct date of service of the pleadings. The court ultimately dismissed the case, noting the Respondent's "misrepresentation to the [U.S. District Court for the Western District of Oklahoma] regarding service" and warned that Respondent's "continued failure to timely serve and to serve in accordance with the representations set forth in any certificate of service will result in the imposition of sanctions against Mr. Southern."

h). **Count XI: Lewis Representation:** Allegations include Respondent's failure to prosecute in this matter, resulting in dismissal of the case. Additional allegations include Respondent's failure to serve defendants the amended complaint in this matter filed in the U.S. District Court for the Western District of Oklahoma and failure to comply with the court's show cause order, which ultimately resulted in dismissal of the case. Additionally, Respondent allegedly failed to keep this client advised of the status of the case and allegedly made statements concerning his representation of Lewis to successor counsel amounting to intentional misrepresentations.

i). **Count XIII: Mills Representation:** Allegations include Respondent's failure to coordinate and timely file a joint status report and discovery plan, failure to comply with the court's order instructing Respondent to respond to defendant's motion to compel and order compelling discovery in this matter filed in the U.S. District Court for the Western District of Oklahoma. Additional allegations include failure to communicate properly with the client throughout the course of the representation, failure to advise Mills of the status of the case and failure to advise her of Respondent's new office address.

j). **Count XV: Jones Representation:** Allegations include Respondent's failure to prosecute and failure to comply with orders of the court in this matter filed in the U.S. District Court for the Western District of Oklahoma, which ultimately resulted in dismissal of the case. Additional allegations include misleading the client as to the status of the case, failure to keep the client reasonably informed of the status of the case, failure to conduct any discovery or research on behalf of the client concerning her federal ADA claim, which is now time-barred.

k). **Count XVII: Moreland Representation:** Allegations include Respondent's failure to perform any legal services on this client's behalf despite Respondent's alleged assurances to the client that his legal rights were being protected in this wrongful termination matter. Moreland's claim is now barred by the statute of limitations.

l). **Count XVIII: Moreland Grievance:** On March 15, 2004, the Office of General Counsel received a grievance from Moreland, which detailed the allegations of professional misconduct. Respondent failed to respond to Moreland's grievance despite the Office of General Counsel's request for a response. A formal investigation followed, and the matter was designated a formal grievance. Despite the bar's repeated requests, Respondent has allegedly failed to respond to the formal grievance.

m). **Count XIX: Jackson Grievance:** On May 3, 2004, the Office of General Counsel received a grievance from Jackson, which detailed allegations of professional misconduct on the part of Respondent. Respondent allegedly failed to respond to Jackson's grievance despite the Office of General Counsel's repeated requests for a response.

n). **Count XX:** During the course of Respondent's deposition on February 25, 2004, Respondent promised to provide information and documents to the Office of General Counsel. Respondent has allegedly failed to provide the information and documents despite the Office of General Counsel's request for same.

4. Southern's affidavit states that he is aware that the burden of proof regarding the allegations rests upon the Oklahoma Bar Association. However,

Southern "waive[s] any and all right to contest the allegations."

5. Southern's affidavit states that he is aware that the allegations concerning his conduct, if proven, would constitute violations of Rules 1.1, 1.2(a), 1.3, 1.4, 1.16(d), 3.2, 3.3, 3.4(c), 3.4(d), 4.4, 8.1(a), 8.1(b), 8.4(c) and 8.4(d) of the Oklahoma Rules of Professional Conduct, 5 O.S. ch.1, app. 3–A; Rule 5.2 of the RGDP; and his oath as an attorney.

6. Southern's affidavit states he has familiarized himself with the provisions of Rule 9.1 of the RGDP [concerning notice to clients; list of other bars to which admitted] and he agrees to comply with all provisions of Rule 9.1 within twenty (20) days following the date of resignation.

7. Southern's affidavit states his acknowledgment and agreement that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11 of the RGDP and that he may make no application for reinstatement prior to the expiration of five (5) years from the effective date of the Order approving his resignation pending disciplinary proceedings.

8. Southern's affidavit acknowledges that the Client Security Fund may receive claims from his former clients as a result of his conduct.

9. Southern's affidavit provides his agreement that should the Oklahoma Bar Association approve and pay such Client Security Fund claims, after notice and opportunity to provide material participation in the resolution of the claim, Southern will reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

10. Southern's name and address appear on the official roster maintained by the Oklahoma Bar Association as follows: Frederick W. Southern, Jr., Suite 400, 722 N. Broadway, Oklahoma City, Oklahoma 73102.

11. The Oklahoma Bar Association has waived any costs incurred in this matter.

12. Our Order accepting Southern's resignation shall be effective as of September 9, 2004, the date upon which Southern executed his affidavit of resignation and the Oklahoma Bar Association filed its Application for Order Approving Resignation in the Office of Chief Justice Bar Docket.

¶2 IT IS THEREFORE **ORDERED** that Complainant's application is approved, Respondent's resignation is accepted and approved effective September 9, 2004, and Respondent's right to practice law is relinquished.

¶3 IT IS FURTHER **ORDERED** that the name of **Frederick W. Southern, Jr.** be stricken from the Roll of Attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, Southern may not make application for reinstatement prior to the expiration of five (5) years from September 9, 2004, the effective date of this Order. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the attorney shall be one of the conditions of reinstatement.

¶4 IT IS FURTHER **ORDERED** Respondent shall comply with Rule 9.1 of the RGDP.

¶5 **DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 21st DAY OF MARCH, 2005.**

¶6 WINCHESTER, V.C.J., LAVENDER, KAUGER, EDMONDSON and TAYLOR, JJ., concur.

¶7 OPALA, J., with whom WATT, C.J. and HARGRAVE, J. join, dissenting in part. I would make the resignation effective when the court's order approving it becomes final.

¶8 COLBERT, J., not participating.